**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: | ) MDL NO. 3098 |
| | ) |
| **23ANDME, INC. CUSTOMER DATA** | ) |
| **SECURITY BREACH LITIGATION** | ) |
| | ) |

**RESPONSE TO MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA FOR COORDINATED AND CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML"), Rule 6.2(e), Camie Picha, Plaintiff in the case styled *Picha v. 23andMe, Inc.*, No. 23-cv-06719, filed in the U.S. District Court for the Northern District of California ("Plaintiff Picha"), submits this response to the pending Motion for Transfer of Actions to the Northern District of California Pursuant to 28 U.S.C. § 1407 for Coordinated and Consolidated Pretrial Proceedings (ECF No. 1) and opposes the Movant's request for coordination and consolidation pursuant to 28 U.S.C. § 1407. Instead, the Movant should seek to transfer the few district court cases filed outside of the Northern District of California pursuant to 28 U.S.C. § 1404(a), and only if such motions are denied should the question of centralization be revisited by the Panel. However, if Panel is inclined to issue a transfer and centralization order, the Panel should centralize the cases in the Northern District of California and designate Judge Chen as the transferee judge.

**I. INTRODUCTION**

The motion for transfer seeks to transfer thirty-one (31) actions pending in three (3) different federal Districts asserting common factual allegation and involving overlapping claims, classes, and legal issues ("Actions"), along with future tag-alongs, to the Northern District of

California for coordination and consolidation pursuant to 28 U.S.C. § 1407. All of the Actions are premised on the 23andMe data breach, first publicly disclosed on October 6, 2023, in which the most highly sensitive personal and health information of approximately 7 million of its consumers was compromised, exfiltrated, and offered for sale to cybercriminals on the dark web. (the "Data Breach").

Three (3) additional class actions have been filed to date after the Motion to Transfer was filed, including *Picha v. 23andMe, Inc.* ECF No. 13. Based on the number of persons impacted and the extensive press coverage of the Data Breach, Plaintiff Picha expects that additional actions may be filed in federal courts alleging similar claims, on behalf of similar classes.

Of the thirty-four (34) actions described above, all but three (3) have been filed in the Northern District of California.[1] As of this date, thirty (30) of the actions filed in the Northern District of California have been ordered related to the first-filed case in the Northern District of California, *Santana v. 23and Me, Inc.*, No-3:23-cv-05147-EMC, and are proceeding before the Honorable Edward M. Chen.[2] As the three actions filed outside of the Northern District of California can be transferred, by motion or stipulation, under 28 U.S.C. § 1404(a), transfer pursuant to 28 U.S.C. § 1407 is unnecessary, and the Movant's request should be denied.

## II.  ARGUMENT

**A.     Consolidation Pursuant to 28 U.S.C. § 1407 Is Not Appropriate Here.**

The Panel may transfer civil actions to a single district court for coordinated or consolidated pretrial proceedings upon a determination that (1) the cases involve one or more

---

[1] The matters filed in other federal jurisdictions are *Gill v. 23andMe, Inc.*, No. 8:23-cv-02387-FWS-DFM (C.D. Cal.), *Bacus v. 23andMe, Inc.*, No. 1:23-cv-16828 (N.D. Ill.), and *Hu v. 23andMe, Inc.*, No. 1:23-cv-17079 (N.D. Ill.).

[2] One matter in the Northern District of California, *Ryan v. 23andMe, Inc.*, No. 3:23-cv-05968-CRB, has not yet been related to the *Santana* matter.

common questions of fact; and (2) the transfer will serve "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Every action so transferred is to be "remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." *Id.*

However, the Panel has cautioned that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). In this regard, "[s]eeking transfer under Section 1404(a) or seeking to dismiss or stay duplicative actions under the first-to-file doctrine are among the variety of options available to avoid duplication of efforts." *Id.*

In *Best Buy*, for example, "alternative means to Section 1407 centralization, such as transfer under Section 1404(a), [were] preferable" because—as here—all of the actions "involve[d] either California plaintiffs or transactions within California," and "the complaints could have been filed in any federal court in California." *Id.* The Panel observed that, transfer under Section 1404 is preferable to transfer under Section 1407, insofar as, "[p]rovided that Section 1404 transfer is granted, such a transfer is for all purposes and not, as is the case with centralization under Section 1407, for pretrial purposes only." *Id.* Finally, the Panel rejected the defendant's argument that "any future related actions would benefit from the Section 1407 tag-along process," as being "a short-sighted view of centralization," as "transfer is not automatic, nor is it permanent as it is under Section 1404." *Id.*; *see also In re Gen. Motors LLC Chevrolet Bolt EV Battery Prod. Liab. Litig.*, 532 F. Supp. 3d 1413, 1415 (J.P.M.L. 2021) ("The Panel has been 'disinclined to take into account the mere possibility of future filings in [its] centralization

calculus.'") (quoting *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013)).  Accordingly, "the proponents of centralization have not met their burden of demonstrating the need for centralization" and the Panel denied the motion. *In re: Best Buy*, 804 F. Supp. 2d at 1379.

Here, the vast majority of the actions have been filed in the same district and have been related pursuant to that district's local rules—and only three (3) actions have been filed in two (2) other federal judicial districts. As such, transfer pursuant to Section 1404 is preferable to transfer pursuant to Section 1407, and the Movant has not met its "burden of demonstrating the need for centralization," under Section 1407, which "should be the last solution after considered review of all other options." *See id.* at 1378; *see also In re: Michaels Stores, Inc., Pin Pad Litig.*, 844 F. Supp. 2d 1368, 1368-69 (J.P.M.L. 2012) (as "transfer pursuant to Section 1404 is available to minimize any possibility of duplicative discovery among these actions," a motion for transfer "pursuant to Section 1404 is the better course of action in this situation").

In the unlikely event that motions to transfer pursuant to Section 1404 are denied, the Panel may "revisit the question of centralization at that time." *See In re Gen. Motors*, 532 F. Supp. 3d at 1415 ("Should additional actions materialize, the courts deny Section 1404 transfer of the pending actions, and informal cooperation prove unworkable, 'the parties may file another Section 1407 motion, and the Panel will revisit the question of centralization at that time.'") (quoting *In re: Gerber Probiotic Prod. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1381 (J.P.M.L. 2012)).

**B.     The Northern District of California is the Most Appropriate Transferee Court.**

In the event that the Panel is inclined to grant the Movant's request for a transfer and centralization order, the Panel should centralize the cases in the Northern District of California and designate Judge Chen as the transferee judge.

In selecting the transferee court, the Panel considers several factors, including "where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." Manual for Complex Litigation, Fourth § 20.131 (2004).

As Movants note, 23andMe is headquartered in the Northern District of California, which is where the bulk of common facts have occurred and where important witnesses and documents relevant to these actions are located—one of the key factors in deciding where an MDL should be located. Similarly, the Northern District of California is where the vast majority of cases against 23andMe regarding the Data Breach have been filed and related to the first-filed case in the Northern District of California before the Honorable Edward M. Chen.

Thus, if the Panel grants the Movant's request for a transfer and centralization order, the cases should be centralized in the Northern District of California, and Judge Chen should be designated as the transferee judge.

### III. CONCLUSION

For the reasons stated above, Plaintiff Picha respectfully requests that the Panel deny the Movant's request for coordination and consolidation pursuant to 28 U.S.C. § 1407. In the alternative, if Panel issues a transfer and centralization order, the Panel should centralize the cases in the Northern District of California and designate Judge Chen as the transferee judge.

Dated: January 18, 2024

        Respectfully submitted,

        */s/ Cari Campen Laufenberg*
        Cari Campen Laufenberg
        **KELLER ROHRBACK L.L.P.**
        1201 Third Avenue
        Suite 3200
        Seattle, WA 98101
        Tel: (206) 623-1900
        Fax: (206) 623-3384
        claufenberg@kellerrohrback.com

        ***Counsel for Plaintiff Camie Picha***