**BEFORE THE UNITED STATES JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: VEHICLE DRIVING DATA TRACKING LITIGATION | MDL No. 3115 |

**INTERESTED PARTY LEXISNEXIS RISK SOLUTIONS INC.'S RESPONSE TO MOTION OF PLAINTIFF JARIYA THONGSAWANG FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

Interested Party LexisNexis Risk Solutions Inc. ("LNRS") submits this response to the Motion of Plaintiff Jariya Thongsawang for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 ("Motion") [Dkt. 1]. [1]

First, LNRS supports the Motion to transfer the twelve putative class actions that were filed against it,[2] as well as any subsequently filed class actions, that assert claims related to LNRS' receipt and distribution of telematics data to insurers (collectively, the "Related Actions"). LNRS

[1] LNRS expressly reserves all arbitration defenses and its right to move to compel arbitration, whether in the individual actions or in any centralized proceeding ordered by the JPML. LNRS also preserves all personal jurisdiction arguments. Likewise, by agreeing to consolidation, LNRS does not concede that "common questions of fact" exist, or are capable of common resolution, within the meaning of Federal Rule of Procedure 23.

[2] The following cases involve GM, OnStar and LNRS: *Chicco v. General Motors LLC et al.*, Case No. 9:24–cv–80281 (S.D. Fla.); *Dinardo v. General Motors LLC et al.*, Case No. 3:24–cv–00524 (M.D. Pa.); *King et al. v. General Motors LLC et al.*, Case No. 2:24–cv–02560 (C.D. Cal.); *Thongsawang v. General Motors LLC et al.*, Case No. 8:24–cv–00695 (C.D. Cal.); *Block et al. v. General Motors LLC et al.*, Case No. 2:24–cv–10824 (E.D. Mich.); *Landman v. General Motors LLC et al.*, Case No. 1:24–cv–02238 (S.D.N.Y.); *Mason v. General Motors LLC et al.*, Case No. 1:24-cv-01558 (N.D. Ga.); *Carnine, et. al. v. General Motors LLC et al.*, Case No. 4:24-cv-11004 (E.D. Mich.); *Figlio, et al. v. General Motors LLC et al.*, Case No. 1:24-cv-01669 (N.D. Ga.); *Valencia v. General Motors LLC et al.*, Case No. 2:24-cv-02978 (C.D. Cal.); *Cogle v. General Motors LLC et al.*, Case No. 2:24-cv-11062 (E.D. Mich.). The following case involves LNRS and Kia: *Vaughn v. Kia America, Inc., et al.*, No. 2:24-cv-01473 (E.D. Pa.). Whether *Vaughn* should be consolidated is an issue that needs to be addressed.

concurs in the argument of Plaintiff Jariya Thongsawang regarding the merits of a transfer under 28 U.S.C. § 1407, and will not repeat them here. *See* Movant's Brief [Dkt. 1] at section B, pages 10-11.

Second, LNRS understands General Motors LLC and OnStar LLC will recommend that the most appropriate transferee venue would be the United States District Court for the Eastern District of Michigan. LNRS has no objection to General Motors' and OnStar's position.

Third, and as discussed more fully below, if the panel determines that United States District Court for the Eastern District of Michigan is not a suitable venue, then LNRS submits that the United States District Court for the Northern District of Georgia would be the most appropriate alternative venue. The Northern District of Georgia is where LNRS is located with easy access to evidence; benefits from ample air connections and hotel accommodations; is not overburdened by MDL proceedings; and several judges of the district are well very qualified to preside, including Judge Thomas W. Thrash, Jr. and Judge J.P. Boulee, each of whom have prior MDL experience but no current MDL proceedings.

Fourth, and as discussed more fully below, while LNRS supports a transfer of the Related Actions, LNRS does not support transfer to the United States District Court for the Central District of California as advocated in the Motion. California has very little to do with this dispute. The Related Actions focus on General Motors' and OnStar's collection and supply of telematics data to LNRS *and* LNRS' distribution of telematics to insurers, and LNRS simply does not and has not shared telematics data for use by insurers in California. It makes no sense to transfer cases to California when two patently more appropriate venues are readily available: the Eastern District of Michigan and the Northern District of Georgia.

## I. THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA WOULD BE AN APPROPRIATE ALTERNATIVE TRANSFEREE VENUE.

In the event the Panel determines that the United States District Court for the Eastern District of Michigan is not a suitable transferee jurisdiction, the panel should order transfer of the Related Cases to the United States District Court for the Northern District of Georgia, where two of the Related Actions were filed.[3]

LNRS' headquarters is in Alpharetta, Georgia, within the Northern District of Georgia. The Related Actions make allegations about LNRS' "Telematics on Demand" or "TOD" product. For TOD, LNRS enters into agreements with automobile manufacturers, such as General Motors, under which the manufacturers furnish certain telematics data concerning the operation of motor vehicles it has manufactured. In turn, LNRS enters into contracts to furnish certain telematics data to insurers. The principal place of LNRS' TOD business is Alpharetta, Georgia. LNRS supplies telematics data to insurers on a state-by-state basis. LNRS has supplied data for insurers to use in Georgia (and Michigan but not, as discussed below, in California). In sum, documents and witnesses relevant to this action are conveniently available in the Northern District of Georgia, and conduct challenged by the Related Actions occurred in Georgia. *See* Manual for Complex Litigation, Fourth (Fed. Jud. Cent'r 2004) at section 20.131 ("site of the occurrence of common facts" and "where the cost and inconvenience will be minimized" factors in selecting transferee district).

Docket conditions in the Northern District of Georgia are also favorable. Currently, four active MDL matters are venued in the Northern District of Georgia, while the district has 15 active

---

[3] *Mason v. General Motors LLC et al.*, Case No. 1:24-cv-01558 (N.D. Ga.); *Figlio, et al. v. General Motors LLC et al.*, Case No. 1:24-cv-01669 (N.D. Ga.).

judges. Both Judge Thrash and Judge Boulee have MDL experience, but neither has any current MDL on their docket. Either of these judges would be well qualified to handle an MDL. *See* Manual for Complex Litigation at section 20.131 ("experience, skill, and caseloads of available judges" a factor in selecting a transferee venue).[4]

## II. THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA IS NOT AN APPROPRIATE TRANSFEREE VENUE.

While 28 U.S.C. § 1407 authorizes transfer to "any" district court, LNRS respectfully submits that California has insufficient connection to Plaintiffs' claims challenging LNRS' TOD business, meaning that the venue would be divorced from any sources of evidence. There would be nothing to be gained and something substantial to be lost by transfer to the Central District of California, making the Central District of California an inferior transferee venue.

The California Related Actions frame the dispute with LNRS as being a two-step tort; first, General Motors and OnStar collect certain driving data from motor vehicles and share it with LNRS; and then, second, LNRS furnishes certain of this telematics data to insurance companies. *See* Complaint, *Thongsawang v. General Motors LLC, et. al.,* Case No. 8:24-cv-00695 (C.D. Cal.) at ¶ 26 (plaintiff was "injured on account of their vehicle location being shared with third parties,

[4] LNRS also opposes venue, as advocated by Plaintiff Landman, in the United States District Court for the Southern District of New York. *See* Interested Party, Plaintiff Leah Landman's Response in Partial Support of Motion for Transfer and Centralization Pursuant to 12 U.S.C. § 1407 and Request to Transfer Cases to the Southern District of New York [Dkt. 15] at 1. As a threshold matter, Plaintiff Landman is simply incorrect in asserting that LNRS' headquarters is located in New York. LNRS is a corporation organized under the laws of Georgia with its principal place of business in Alpharetta, Georgia. The Southern District of New York simply does not offer the range of connections to the dispute that are present for the Northern District of Georgia or the Eastern District of Michigan. LNRS also opposes venue in the first-filed forum, the United States District Court of the Southern District of Florida, or any other forum suggested by any party other than the Eastern District of Michigan or the Northern District of Georgia, for the same reasons. Simply put, under the facts of this matter, two plainly appropriate venues are available – the Eastern District of Michigan and the Northern District of Georgia – and there is no good reason to look elsewhere for a transferee venue.

including, but not limited, the insurance companies"); Complaint, *Valencia v. General Motors LLC, et al.*, Case No. 2:24-cv-02978 (C.D. Cal.) at ¶ 25 ("Defendants shared with third parties, including insurance companies, Plaintiff's and Class Members' highly sensitive PII, which caused Plaintiff and Class members monetary harm."); Complaint, *King, et al. v. General Motors LLC, et al.*, Case No. 2:24-cv-0260 (C.D. Cal) at ¶ 57 ("Plaintiffs' insurance premiums went up substantially because of Defendants' actions, and ultimately resulted in them being denied coverage.").

As to the second step alleged by the California plaintiffs – LNRS sharing General Motors data with insurers – that sharing does not happen as to California consumers. LNRS supplies telematics data to insurers on a state-by-state basis. LNRS has furnished data to insurers for use in Michigan and Georgia. However, LNRS has not contracted with any insurer to provide General Motors telematics data for use in California, and LNRS has not provided any insurer with General Motors telematics information for use in California.

LNRS is not organized under the laws of California, does not maintain its headquarters in California, and its TOD business is not run out of California. Indeed, the connections between LNRS and California are so devoid of connection that LNRS will have a meritorious motion to dismiss for lack of personal jurisdiction as to the California actions. *See Hayden v. Retail Equation Inc.*, No. 20-01203-DOC-DFM, 2022 U.S. Dist. LEXIS 193187 (C.D. Cal. Sept. 12, 2022) (granting motion to dismiss for lack of personal jurisdiction where defendant had no relevant connection to California). It would be ironic if the cases were transferred to the Central District of California to further the interests of justice when the level of connections between California and one of three defendants is so tenuous as to not even support personal jurisdiction.

Indeed, the only connection apparent to LNRS is that the named plaintiffs in the California Related Actions are citizens of California (although LNRS as of this writing can find no evidence in its records that LNRS supplied telematics data about them to any insurer in California or anywhere else). That fact alone is insufficient to support California as the preferred venue. *See Romoff v. Johnson & Johnson Consumer Inc.*, No. 22cv75-LL-WVG, 2022 U.S. Dist. LEXIS 161369 (S.D. Cal. Aug. 26, 2022) (on a motion to transfer venue in a putative class action, finding that "Plaintiff's choice of forum is entitled to very little weight").

In sum, there are no advantages, and substantial disadvantages, for California venue, and it makes no sense to transfer to California when two clearly more appropriate and relevant venues are available: the Eastern District of Michigan and the Northern District of Georgia.

## III. CONCLUSION

For the reasons stated above, LNRS respectfully requests that the panel enter an order transferring the Related Actions to the United States District Court for the Eastern District of Michigan or, in the alternative, the United States for the Northern District of Georgia with one of Judge J.C. Boulee or Judge Thomas W. Thrash, Jr. to preside.

Dated April 26, 2024

**LEXISNEXIS RISK SOLUTIONS INC.**

/s/ Ronald I. Raether, Jr.
Ronald I. Raether, Jr.
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
5 Park Plaza #1400
Irvine, CA 92614
(946) 622-2722
Ron.raether@troutman.com