UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: 23ANDME, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                              MDL No. 3098

## TRANSFER ORDER

**Before the Panel**:[*] Defendants 23andMe, Inc., 23andMe Pharmacy Holdings, Inc., and 23andMe Holding Co. (together, 23andMe) move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California. The litigation consists of 31 actions pending in three districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of eight related actions pending in the Northern District of California and the Northern District of Illinois.[1] Plaintiffs in six actions and one potentially related action support the motion. Plaintiffs in six actions and two potentially related actions oppose the motion, although plaintiffs in two of those actions alternatively support centralization in the Northern District of California.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share common questions of fact arising from allegations that 23andMe failed to take adequate measures to prevent and mitigate the consequences of a 2023 data security breach that compromised the personally identifiable and genetic information of some seven million 23andMe customers. Plaintiffs seek certification of overlapping nationwide and statewide class actions of 23andMe customers, and assert virtually identical claims for negligence, invasion of privacy, breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and violation of state consumer protection and privacy laws.

Discovery in all actions will focus on how 23andMe's system was breached, how and when the breach was identified, what security measures 23andMe had in place, and what steps were taken after the data breach was discovered. Centralization will avoid the possibility of inconsistent pretrial rulings, particularly with respect to class certification. With a total of 39 actions pending

---

[*] Judges Nathaniel M. Gorton and Roger T. Benitez did not participate in the decision of this matter. In addition, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

in three districts—including eight potential tag-along actions—and dozens of involved plaintiffs' counsel, centralization will provide efficiencies and conserve the resources of the parties, witnesses, and courts.

Plaintiffs in the Northern District of Illinois *Bacus* action and *Hu* potential tag-along action maintain that their cases raise unique legal claims under the Illinois Genetic Information Privacy Act (GIPA) on behalf of Illinois classes and that those claims should be handled by an Illinois court. These arguments are not persuasive. Plaintiffs in at least seven cases pending in the Northern District of California also assert claims under the Illinois GIPA statute on behalf of putative Illinois classes, and all 39 actions involve substantially similar claims for negligence, invasion of privacy, breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. In any event, the Panel has made clear that "the presence of . . . differing legal theories is not significant where . . . the actions still arise from a common factual core." *In re Sonic Corp. Customer Data Sec. Breach Litig.*, 276 F. Supp. 3d 1382, 1383 (J.P.M.L. 2017).

Plaintiffs opposing centralization also contend that, since the Northern District of California actions have been related before Judge Edward M. Chen, and the two Northern District of Illinois actions have been related before a single judge, there are effectively only three actions in three districts—too few to warrant centralization. With such a small number of actions, they argue, informal coordination should be possible, or, alternatively, transfer under 28 U.S.C. § 1404 would be preferable to centralization. We are not persuaded that informal cooperation among the parties would be feasible. All actions are putative nationwide or statewide class actions involving overlapping classes, and over four dozen plaintiffs' firms are involved. Nor does Section 1404 transfer seem to be an available means of coordinating the litigation. No Section 1404 motions have been filed, and plaintiffs in the two actions pending in the Northern District of Illinois are opposed to transfer under Section 1404 or Section 1407. In these circumstances, centralization seems the most reliable means of ensuring coordination of this litigation.

The Northern District of California is an appropriate transferee district for this litigation. Most of the involved actions are pending in the district, nearly all before Judge Edward M. Chen, an experienced transferee judge. Defendant 23andMe is headquartered there, and much of the relevant evidence likely will be located there. We are confident that Judge Chen will steer this matter on an efficient and prudent course.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Edward M. Chen for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Matthew F. Kennelly                David C. Norton
Dale A. Kimball                    Madeline Cox Arleo

IN RE: 23ANDME, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                    MDL No. 3098

## SCHEDULE A

Central District of California

GILL v. 23ANDME, INC., C.A. No. 8:23−02387

Northern District of California

SANTANA, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05147
LAMONS v. 23ANDME, INC., C.A. No. 3:23−05178
ANDRIZZI v. 23ANDME, INC., C.A. No. 3:23−05198
EDEN, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05200
J.S., ET AL. v. 23ANDME, INC., ET AL., C.A. No. 3:23−05234
MIRZA v. 23ANDME, INC., C.A. No. 3:23−05259
NAVARRO, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05281
GREENBERG v. 23ANDME, INC., C.A. No. 3:23−05302
FRIEND, ET AL. v. 23ANDME HOLDING CO., C.A. No. 3:23−05323
HOFFMAN, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05332
FARMER v. 23ANDME, INC., C.A. No. 3:23−05341
BERMAN, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05345
TULCHINSKY v. 23ANDME, INC., C.A. No. 3:23−05369
SEIKEL v. 23ANDME, INC., C.A. No. 3:23−05419
FRALIX v. 23ANDME, INC., C.A. No. 3:23−05439
VELEZ v. 23ANDME, INC., C.A. No. 3:23−05464
ALPERSTEIN, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05541
SMITH v. 23ANDME, INC., C.A. No. 3:23−05548
FURIA v. 23ANDME, INC., C.A. No. 3:23−05565
SCHUTZ, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05579
VICKERY v. 23ANDME, INC., C.A. No. 3:23−05635
SORENSEN v. 23ANDME, INC., C.A. No. 3:23−05677
DOE v. 23ANDME, INC., C.A. No. 3:23−05717
DUBE v. 23ANDME, INC., C.A. No. 3:23−05768
MOLINA v. 23ANDME, INC., C.A. No. 3:23−05779
RYAN v. 23ANDME, INC., C.A. No. 3:23−05968
SCOTT, ET AL. v. 23ANDME HOLDING CO., ET AL., C.A. No. 3:23−05980
IOFFE v. 23ANDME, INC., C.A. No. 3:23−06205
RIVERS, ET AL. v. 23ANDME, INC., ET AL., C.A. No. 3:23−06481

Northern District of Illinois

BACUS v. 23ANDME, INC., C.A. No. 1:23−16828